NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 3 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES PODARAS, | No. 15-16437 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-03152-SI |
| v. | |
| CITY OF MENLO PARK; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Charles Podaras appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action asserting federal and state law claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627

F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Noel v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Podaras's § 1983 claims because Podaras failed to allege facts sufficient to state any plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury actions); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions, and they accrue when the plaintiff knows or should know of the injury that is the basis of the cause of action).

To the extent Podaras challenged the state court's denial of his petition for factual innocence or the state court's evidentiary rulings, the district court properly dismissed Podaras's claims under the *Rooker-Feldman* doctrine because the claims constituted a forbidden "de facto appeal" of a prior state court judgment. *See Noel*, 341 F.3d at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine).

The district court did not abuse its discretion by denying Podaras further leave to amend his complaint because amendment would have been futile. *See*

2

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

The district court did not abuse its discretion by denying Podaras's motion to alter or amend the judgment because Podaras failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth grounds for relief from judgment under Fed. R. Civ. P. 59(e) or 60(b)).

We reject as meritless Podaras's contentions regarding the applicability of *Estate of Amaro v. City of Oakland*, 653 F.3d 808 (9th Cir. 2011) or Federal Rule of Civil Procedure 52(a).

We do not consider arguments incorporated by reference into the briefs. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (this court reviews only issues argued specifically in a party's opening brief).

Podaras's motion for the appointment of counsel (Docket Entry No. 63) is denied.

**AFFIRMED.**